**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| DATA ENGINE TECHNOLOGIES LLC, | § | |
| | § | |
| Plaintiff, | § | **C.A. No. 14-1115-LPS-CJB** |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| GOOGLE INC., | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT GOOGLE INC.'S ANSWER AND DEFENSES
## TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant Google Inc. ("Google") hereby answers and asserts its defenses to the Complaint for Patent Infringement ("Complaint") filed by Plaintiff Data Engine Technologies LLC ("Plaintiff" or "DET") on September 2, 2014.

## PARTIES

1.      Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and therefore denies them.

2.      Google admits the allegations in paragraph 2.

## JURISDICTION AND VENUE

3.      The allegations contained in this paragraph constitute legal conclusions to which no answer is required.  To the extent that an answer is required, Google admits that Plaintiff purports to bring an action for infringement of a United States patent and that Plaintiff purports to bring an action under the patent laws of the United States.  Google admits that Plaintiff purports to base jurisdiction under Title 35 of the United States Code.  Google denies any remaining allegations contained in paragraph 3.

4.      The allegations contained in this paragraph constitute legal conclusions to which no answer is required.  To the extent that an answer is required, Google admits that Plaintiff purports to base jurisdiction on 28 U.S.C. §§ 1331 and 1338(a).  Google denies any remaining allegations contained in paragraph 4.

5.      Google admits that venue is proper in this district, although it reserves its rights to move to transfer this action pursuant to 28 U.S.C. §§1391(b)-(c) and 1400(b) and/or any other rule or law.  Google admits that it conducts certain business activities within this judicial district but denies that Plaintiff's action arises directly from Google's business contacts or other activities in this district.  Google specifically denies that it has committed or participated in the commission of acts of patent infringement under any theory in this judicial district or elsewhere in the United States.  Google denies any remaining allegations contained in paragraph 5.

## FACTS

6.      Google admits that Exhibit A to the Complaint appears to be a copy of United States Patent No. 5,303,146 ("the '146 patent") and states that the '146 patent speaks for itself. Google admits that, on its face, the '146 patent is entitled "System and Methods for Improved Scenario Management in an Electronic Spreadsheet" and purportedly issued on April 12, 1994. Except as expressly admitted, Google denies any remaining allegations in paragraph 6.

7.      Google admits that Exhibit B to the Complaint appears to be a copy of United States Patent No. 5,416,895 ("the '895 patent") and states that the '895 patent speaks for itself. Google admits that, on its face, the '895 patent is entitled "System and Methods for Improved Spreadsheet Interface with User-Familiar Objects" and purportedly issued on May 16, 1995. Except as expressly admitted, Google denies any remaining allegations in paragraph 7.

8.     Google admits that Exhibit C to the Complaint appears to be a copy of United States Patent No. 5,590,259 ("the '259 patent") and states that the '259 patent speaks for itself. Google admits that, on its face, the '259 patent is entitled "System and Methods for Improved Spreadsheet Interface with User-Familiar Objects" and purportedly issued on December 31, 1996. Except as expressly admitted, Google denies any remaining allegations in paragraph 8.

9.     Google admits that Exhibit D to the Complaint appears to be a copy of United States Patent No. 5,623,591 ("the '591 patent") and states that the '591 patent speaks for itself. Google admits that, on its face, the '591 patent is entitled "System and Methods for Building Spreadsheet Applications" and purportedly issued on April 22, 1997. Except as expressly admitted, Google denies any remaining allegations in paragraph 9.

10.     Google admits that Exhibit E to the Complaint appears to be a copy of United States Patent No. 5,784,545 ("the '545 patent") and states that the '545 patent speaks for itself. Google admits that, on its face, the '545 patent is entitled "System and Methods for Improved Spreadsheet Interface with User-Familiar Objects" and purportedly issued on July 21, 1998. Except as expressly admitted, Google denies any remaining allegations in paragraph 10.

11.     Google admits that Exhibit F to the Complaint appears to be a copy of United States Patent No. 6,282,551 ("the '551 patent") and states that the '551 patent speaks for itself. Google admits that, on its face, the '551 patent is entitled "System and Methods for Improved Spreadsheet Interface with User-Familiar Objects" and purportedly issued on August 28, 2001. Except as expressly admitted, Google denies any remaining allegations in paragraph 11.

## COUNT I: INFRINGEMENT OF THE '146 PATENT

12.    Google specifically denies that it has infringed the '146 patent. Google otherwise incorporates its responses to paragraphs 1 through 11 of the Complaint above as though fully set forth herein.

13.    Google denies the allegations in paragraph 13.

14.    Google specifically denies that it has infringed the '146 patent. Google specifically denies that Plaintiff is entitled to a willfulness finding relative to any alleged pre-suit infringement of the '146 patent. Google is without knowledge of information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14, and therefore denies them.

15.    Google denies the allegations in paragraph 15.

16.    Google denies the allegations in paragraph 16.

## COUNT II: INFRINGEMENT OF THE '895 PATENT

17.    Google specifically denies that it has infringed the '895 patent. Google otherwise incorporates its responses to paragraphs 1 through 16 of the Complaint above as though fully set forth herein.

18.    Google admits that on December 29, 2009, the United States Patent and Trademark Office ("PTO") issued United States Patent No. 7,639,898 ("the '898 patent"), that the '898 patent was assigned to Google on or before December 29, 2009, and that the '898 patent cites to U.S. Patent No. 6,230,170 ("the '170 patent"). Google admits that United States Patent Nos. 7,657,520, 7,697,791, 7,725,502, 7,752,073, 7,757,080, and 7,801,738 cite the '170 patent as a reference and that the '170 patent identifies the '895 patent as one of the cited references. Google denies that Plaintiff has presented facts to support actual knowledge of the

'895 patent prior to the filing of the Complaint. Except as expressly admitted, Google denies any remaining allegations in paragraph 18.

20. Google specifically denies that it has infringed the '895 patent. Google specifically denies that Plaintiff is entitled to a willfulness finding relative to any alleged pre-suit infringement of the '895 patent. Google is without knowledge of information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 20, and therefore denies them.

21. Google denies the allegations in paragraph 21.

22. Google denies the allegations in paragraph 22.

## COUNT III: INFRINGEMENT OF THE '259 PATENT

23. Google specifically denies that it has infringed the '259 patent. Google otherwise incorporates its responses to paragraphs 1 through 22 of the Complaint above as though fully set forth herein.

24. Google admits that on June 28, 2011, the PTO issued United States Patent No. 7,970,766 ("the '766 patent"), that the '766 patent was assigned to Google on or before June 28, 2011, and that the '766 patent cites to U.S. Patent No. 7,174,504 ("the '504 patent"). Google admits that United States Patent Nos. 8,078,573 and 8,122,026 cite the '504 patent as a reference and that the '504 patent identifies the '259 patent as one of the cited references. Google denies that Plaintiff has presented facts to support actual knowledge of the '259 patent prior to the filing of the Complaint. Except as expressly admitted, Google denies any remaining allegations in paragraph 24.

25. Google denies the allegations in paragraph 25.

26.     Google specifically denies that it has infringed the '259 patent. Google specifically denies that Plaintiff is entitled to a willfulness finding relative to any alleged pre-suit infringement of the '259 patent. Google is without knowledge of information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 26, and therefore denies them.

27.     Google denies the allegations in paragraph 27.

28.     Google denies the allegations in paragraph 28.

## COUNT IV: INFRINGEMENT OF THE '591 PATENT

29.     Google specifically denies that it has infringed the '591 patent. Google otherwise incorporates its responses to paragraphs 1 through 28 of the Complaint above as though fully set forth herein.

30.     Google denies the allegations in paragraph 30.

31.     Google specifically denies that it has infringed the '591 patent. Google specifically denies that Plaintiff is entitled to a willfulness finding relative to any alleged pre-suit infringement of the '591 patent. Google is without knowledge of information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 31, and therefore denies them.

32.     Google denies the allegations in paragraph 32.

33.     Google denies the allegations in paragraph 33.

## COUNT V: INFRINGEMENT OF THE '545 PATENT

34.     Google specifically denies that it has infringed the '545 patent. Google otherwise incorporates its responses to paragraphs 1 through 33 of the Complaint above as though fully set forth herein.

35.     Google denies the allegations in paragraph 35.

36.     Google specifically denies that it has infringed the '545 patent.  Google specifically denies that Plaintiff is entitled to a willfulness finding relative to any alleged pre-suit infringement of the '545 patent.  Google is without knowledge of information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 36, and therefore denies them.

37.     Google denies the allegations in paragraph 37.

38.     Google denies the allegations in paragraph 38.

### COUNT VI: INFRINGEMENT OF THE '551 PATENT

39.     Google specifically denies that it has infringed the '551 patent.  Google otherwise incorporates its responses to paragraphs 1 through 38 of the Complaint above as though fully set forth herein.

40.     Google denies the allegations in paragraph 40.

41.     Google specifically denies that it has infringed the '551 patent.  Google specifically denies that Plaintiff is entitled to a willfulness finding relative to any alleged pre-suit infringement of the '551 patent.  Google is without knowledge of information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 41, and therefore denies them.

42.     Google denies the allegations in paragraph 42.

43.     Google denies the allegations in paragraph 43.

### GOOGLE'S RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

The paragraphs in Plaintiff's "Prayer for Relief" in its Complaint set forth the statement of relief requested by Plaintiff to which no response is required.  Google denies that Plaintiff is

entitled to any of the requested relief and denies any allegations thereto. Google further denies that any conduct on its part subjects Google to liability for damages, equitable relief, costs, expenses, or pre- or post-judgment interest under 35 U.S.C. § 284.

### GOOGLE'S RESPONSE TO PLAINTIFF'S DEMAND FOR A JURY TRIAL

Plaintiff's demand for a trial by jury for all issues triable to a jury does not state any allegation, and Google is not required to respond. To the extent that any allegations are included in the demand, Google denies such allegations.

### DEFENSES

Subject to the responses above, Google alleges and asserts the following defenses in response to Plaintiff's allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the defenses described below, and subject to its responses above, Google specifically reserves all rights to allege additional defenses that become known through the course of discovery or which Google is entitled to assert at a later time.

### First Defense to COUNT I ('146 Patent)

#### Failure to State a Claim Upon Which Relief May Be Granted

1.      With respect to each purported claim for relief alleged in the Complaint, Plaintiff fails to state a claim against Google upon which relief may be granted.

### Second Defense to COUNT I ('146 Patent)

#### No Patent Infringement

2.      Google does not infringe and has not infringed under any theory of infringement, either literally or under the doctrine of equivalents, and is not liable for infringement of any valid and enforceable claim of the '146 patent.

### Third Defense to COUNT I ('146 Patent)

### No Patent Infringement Under the Reverse Doctrine of Equivalents

3.        Google does not infringe and has not infringed and is not liable for infringement of any valid and enforceable claim of the '146 patent under the reverse doctrine of equivalents.

### Fourth Defense to COUNT I ('146 Patent)

### Patent Invalidity

4.        The claims of the '146 patent are invalid for failure to meet the "conditions of patentability" or otherwise to comply with the requirements set forth in U.S. Patent Laws, 35 U.S.C. §§ 100 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112, and/or 135(b) because, *inter alia*, the alleged invention thereof lacks utility; is taught by, suggested by, and/or, obvious in view of, the prior art; is not adequately supported by the written description of the patented invention; is not adequately enabled; is indefinite; and/or is directed to abstract ideas or other non-statutory subject matter.

### Fifth Defense to COUNT I ('146 Patent)

### Patent Unenforceability

5.        The claims of the '146 patent are unenforceable, in whole or in part, by the doctrines of laches, prosecution laches, waiver, and/or estoppel, including equitable estoppel.

6.        Plaintiff is estopped from asserting any interpretation of the claims of the '146 patent that would be broad enough to cover any of Google's methods alleged to infringe the '146 patent based on statements, representations, and admissions made during prosecution of the patent applications to that led to the '146 patent.

### Sixth Defense to COUNT I ('146 Patent)

### Limitations on Patent Damages

7.      Plaintiff's claim for damages, if any, against Google for alleged infringement of the '146 patent are limited by 35 U.S.C. §§ 154, 286, and/or 288, and/or 28 U.S.C. § 1498.

### Seventh Defense to COUNT I ('146 Patent)

### Patent Marking

8.      Any claim for damages for patent infringement is limited by 35 U.S.C. § 287 to those damages occurring only after the notice of infringement.

### Eighth Defense to COUNT I ('146 Patent)

### Dedication to the Public

9.      Plaintiff has dedicated to the public any method, system, and/or product disclosed in the '146 patent but not literally claimed therein and is therefore estopped from claiming infringement by any such public domain method, system, and/or product.

### Ninth Defense to COUNT I ('146 Patent)

### No Exceptional Case

10.     Plaintiff cannot prove that this is an exceptional case that would justify an award of attorney fees against Google pursuant to 35 U.S.C. § 285.

### Tenth Defense to COUNT I ('146 Patent)

### Failure to Mitigate Damages

11.     Plaintiff's claims are barred, in whole or in part, by its failure to mitigate damages.

## Eleventh Defense to COUNT I ('146 Patent)

### Reservation

12.     Google reserves all affirmative defenses available under Rule 8(c) of the Federal Rules of Civil Procedure, and any other defenses, at law or in equity, that may be available now or may become available in the future based on discovery or any other factual investigation in this case, including additional inequitable conduct defenses.

## First Defense to COUNT II ('895 Patent)

### Failure to State a Claim Upon Which Relief May Be Granted

13.     With respect to each purported claim for relief alleged in the Complaint, Plaintiff fails to state a claim against Google upon which relief may be granted.

## Second Defense to COUNT II ('895 Patent)

### No Patent Infringement

14.     Google does not infringe and has not infringed under any theory of infringement, either literally or under the doctrine of equivalents, and is not liable for infringement of any valid and enforceable claim of the '895 patent.

## Third Defense to COUNT II ('895 Patent)

### No Patent Infringement Under the Reverse Doctrine of Equivalents

15.     Google does not infringe and has not infringed and is not liable for infringement of any valid and enforceable claim of the '895 patent under the reverse doctrine of equivalents.

## Fourth Defense to COUNT II ('895 Patent)

### Patent Invalidity

16.     The claims of the '895 patent are invalid for failure to meet the "conditions of patentability" or otherwise to comply with the requirements set forth in U.S. Patent Laws, 35

U.S.C. §§ 100 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112, and/or 135(b) because, *inter alia*, the alleged invention thereof lacks utility; is taught by, suggested by, and/or, obvious in view of, the prior art; is not adequately supported by the written description of the patented invention; is not adequately enabled; is indefinite; and/or is directed to abstract ideas or other non-statutory subject matter.

### Fifth Defense to COUNT II ('895 Patent)

**Patent Unenforceability**

17. The claims of the '895 patent are unenforceable, in whole or in part, by the doctrines of laches, prosecution laches, waiver, and/or estoppel, including equitable estoppel.

18. Plaintiff is estopped from asserting any interpretation of the claims of the '895 patent that would be broad enough to cover any of Google's methods alleged to infringe the '895 patent based on statements, representations, and admissions made during prosecution of the patent applications to that led to the '895 patent.

### Sixth Defense to COUNT II ('895 Patent)

**Limitations on Patent Damages**

19. Plaintiff's claim for damages, if any, against Google for alleged infringement of the '895 patent are limited by 35 U.S.C. §§ 154, 286, and/or 288, and/or 28 U.S.C. § 1498.

### Seventh Defense to COUNT II ('895 Patent)

**Patent Marking**

20. Any claim for damages for patent infringement is limited by 35 U.S.C. § 287 to those damages occurring only after the notice of infringement.

## Eighth Defense to COUNT II ('895 Patent)

### Patent Misuse

21.     Plaintiff's claims against Google for alleged infringement of the '895 patent are barred by the doctrine of misuse.

## Ninth Defense to COUNT II ('895 Patent)

### Dedication to the Public

22.     Plaintiff has dedicated to the public any method, system, and/or product disclosed in the '895 patent but not literally claimed therein and is therefore estopped from claiming infringement by any such public domain method, system, and/or product.

## Tenth Defense to COUNT II ('895 Patent)

### No Exceptional Case

23.     Plaintiff cannot prove that this is an exceptional case that would justify an award of attorney fees against Google pursuant to 35 U.S.C. § 285.

## Eleventh Defense to COUNT II ('895 Patent)

### Failure to Mitigate Damages

24.     Plaintiff's claims are barred, in whole or in part, by its failure to mitigate damages.

## Twelfth Defense to COUNT II ('895 Patent)

### Reservation

25.     Google reserves all affirmative defenses available under Rule 8(c) of the Federal Rules of Civil Procedure, and any other defenses, at law or in equity, that may be available now or may become available in the future based on discovery or any other factual investigation in this case, including additional inequitable conduct defenses.

## First Defense to COUNT III ('259 Patent)

### Failure to State a Claim Upon Which Relief May Be Granted

26. With respect to each purported claim for relief alleged in the Complaint, Plaintiff fails to state a claim against Google upon which relief may be granted.

## Second Defense to COUNT III ('259 Patent)

### No Patent Infringement

27. Google does not infringe and has not infringed under any theory of infringement, either literally or under the doctrine of equivalents, and is not liable for infringement of any valid and enforceable claim of the '259 patent.

## Third Defense to COUNT III ('259 Patent)

### No Patent Infringement Under the Reverse Doctrine of Equivalents

28. Google does not infringe and has not infringed and is not liable for infringement of any valid and enforceable claim of the '259 patent under the reverse doctrine of equivalents.

## Fourth Defense to COUNT III ('259 Patent)

### Patent Invalidity

29. The claims of the '259 patent are invalid for failure to meet the "conditions of patentability" or otherwise to comply with the requirements set forth in U.S. Patent Laws, 35 U.S.C. §§ 100 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112, and/or 135(b) because, *inter alia*, the alleged invention thereof lacks utility; is taught by, suggested by, and/or, obvious in view of, the prior art; is not adequately supported by the written description of the patented invention; is not adequately enabled; is indefinite; and/or is directed to abstract ideas or other non-statutory subject matter.

## Fifth Defense to COUNT III ('259 Patent)

### Patent Unenforceability

30.     The claims of the '259 patent are unenforceable, in whole or in part, by the doctrines of laches, prosecution laches, waiver, and/or estoppel, including equitable estoppel.

31.     Plaintiff is estopped from asserting any interpretation of the claims of the '259 patent that would be broad enough to cover any of Google's methods alleged to infringe the '259 patent based on statements, representations, and admissions made during prosecution of the patent applications to that led to the '259 patent.

## Sixth Defense to COUNT III ('259 Patent)

### Limitations on Patent Damages

32.     Plaintiff's claim for damages, if any, against Google for alleged infringement of the '259 patent are limited by 35 U.S.C. §§ 154, 286, and/or 288, and/or 28 U.S.C. § 1498.

## Seventh Defense to COUNT III ('259 Patent)

### Patent Marking

33.     Any claim for damages for patent infringement is limited by 35 U.S.C. § 287 to those damages occurring only after the notice of infringement.

## Eighth Defense to COUNT III ('259 Patent)

### Dedication to the Public

34.     Plaintiff has dedicated to the public any method, system, and/or product disclosed in the '259 patent but not literally claimed therein and is therefore estopped from claiming infringement by any such public domain method, system, and/or product.

### Ninth Defense to COUNT III ('259 Patent)

**No Exceptional Case**

35.     Plaintiff cannot prove that this is an exceptional case that would justify an award of attorney fees against Google pursuant to 35 U.S.C. § 285.

### Tenth Defense to COUNT III ('259 Patent)

**Failure to Mitigate Damages**

36.     Plaintiff's claims are barred, in whole or in part, by its failure to mitigate damages.

### Eleventh Defense to COUNT III ('259 Patent)

**Reservation**

37.     Google reserves all affirmative defenses available under Rule 8(c) of the Federal Rules of Civil Procedure, and any other defenses, at law or in equity, that may be available now or may become available in the future based on discovery or any other factual investigation in this case, including additional inequitable conduct defenses.

### First Defense to COUNT IV ('591 Patent)

**Failure to State a Claim Upon Which Relief May Be Granted**

38.     With respect to each purported claim for relief alleged in the Complaint, Plaintiff fails to state a claim against Google upon which relief may be granted.

### Second Defense to COUNT IV ('591 Patent)

**No Patent Infringement**

39.     Google does not infringe and has not infringed under any theory of infringement, either literally or under the doctrine of equivalents, and is not liable for infringement of any valid and enforceable claim of the '591 patent.

### Third Defense to COUNT IV ('591 Patent)

### No Patent Infringement Under the Reverse Doctrine of Equivalents

40.     Google does not infringe and has not infringed and is not liable for infringement of any valid and enforceable claim of the '591 patent under the reverse doctrine of equivalents.

### Fourth Defense to COUNT IV ('591 Patent)

### Patent Invalidity

41.     The claims of the '591 patent are invalid for failure to meet the "conditions of patentability" or otherwise to comply with the requirements set forth in U.S. Patent Laws, 35 U.S.C. §§ 100 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112, and/or 135(b) because, *inter alia*, the alleged invention thereof lacks utility; is taught by, suggested by, and/or, obvious in view of, the prior art; is not adequately supported by the written description of the patented invention; is not adequately enabled; is indefinite; and/or is directed to abstract ideas or other non-statutory subject matter.

### Fifth Defense to COUNT IV ('591 Patent)

### Patent Unenforceability

42.     The claims of the '591 patent are unenforceable, in whole or in part, by the doctrines of laches, prosecution laches, waiver, and/or estoppel, including equitable estoppel.

43.     Plaintiff is estopped from asserting any interpretation of the claims of the '591 patent that would be broad enough to cover any of Google's methods alleged to infringe the '591 patent based on statements, representations, and admissions made during prosecution of the patent applications to that led to the '591 patent.

## Sixth Defense to COUNT IV ('591 Patent)

### Limitations on Patent Damages

44.    Plaintiff's claim for damages, if any, against Google for alleged infringement of the '591 patent are limited by 35 U.S.C. §§ 154, 286, and/or 288, and/or 28 U.S.C. § 1498.

## Seventh Defense to COUNT IV ('591 Patent)

### Patent Marking

45.    Any claim for damages for patent infringement is limited by 35 U.S.C. § 287 to those damages occurring only after the notice of infringement.

## Eighth Defense to COUNT IV ('591 Patent)

### Dedication to the Public

46.    Plaintiff has dedicated to the public any method, system, and/or product disclosed in the '591 patent but not literally claimed therein and is therefore estopped from claiming infringement by any such public domain method, system, and/or product.

## Ninth Defense to COUNT IV ('591 Patent)

### No Exceptional Case

47.    Plaintiff cannot prove that this is an exceptional case that would justify an award of attorney fees against Google pursuant to 35 U.S.C. § 285.

## Tenth Defense to COUNT IV ('591 Patent)

### Failure to Mitigate Damages

48.    Plaintiff's claims are barred, in whole or in part, by its failure to mitigate damages.

### Eleventh Defense to COUNT IV ('591 Patent)

### Reservation

49.     Google reserves all affirmative defenses available under Rule 8(c) of the Federal Rules of Civil Procedure, and any other defenses, at law or in equity, that may be available now or may become available in the future based on discovery or any other factual investigation in this case, including additional inequitable conduct defenses.

### First Defense to COUNT V ('545 Patent)

### Failure to State a Claim Upon Which Relief May Be Granted

50.     With respect to each purported claim for relief alleged in the Complaint, Plaintiff fails to state a claim against Google upon which relief may be granted.

### Second Defense to COUNT V ('545 Patent)

### No Patent Infringement

51.     Google does not infringe and has not infringed under any theory of infringement, either literally or under the doctrine of equivalents, and is not liable for infringement of any valid and enforceable claim of the '545 patent.

### Third Defense to COUNT V ('545 Patent)

### No Patent Infringement Under the Reverse Doctrine of Equivalents

52.     Google does not infringe and has not infringed and is not liable for infringement of any valid and enforceable claim of the '545 patent under the reverse doctrine of equivalents.

### Fourth Defense to COUNT V ('545 Patent)

### Patent Invalidity

53.     The claims of the '545 patent are invalid for failure to meet the "conditions of patentability" or otherwise to comply with the requirements set forth in U.S. Patent Laws, 35

U.S.C. §§ 100 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112, and/or 135(b) because, *inter alia*, the alleged invention thereof lacks utility; is taught by, suggested by, and/or, obvious in view of, the prior art; is not adequately supported by the written description of the patented invention; is not adequately enabled; is indefinite; and/or is directed to abstract ideas or other non-statutory subject matter.

### Fifth Defense to COUNT V ('545 Patent)

### Patent Unenforceability

54.     The claims of the '545 patent are unenforceable, in whole or in part, by the doctrines of laches, prosecution laches, waiver, and/or estoppel, including equitable estoppel.

55.     Plaintiff is estopped from asserting any interpretation of the claims of the '545 patent that would be broad enough to cover any of Google's methods alleged to infringe the '545 patent based on statements, representations, and admissions made during prosecution of the patent applications to that led to the '545 patent.

### Sixth Defense to COUNT V ('545 Patent)

### Limitations on Patent Damages

56.     Plaintiff's claim for damages, if any, against Google for alleged infringement of the '545 patent are limited by 35 U.S.C. §§ 154, 286, and/or 288, and/or 28 U.S.C. § 1498.

### Seventh Defense to COUNT V ('545 Patent)

### Patent Marking

57.     Any claim for damages for patent infringement is limited by 35 U.S.C. § 287 to those damages occurring only after the notice of infringement.

### Eighth Defense to COUNT V ('545 Patent)

### Dedication to the Public

58. Plaintiff has dedicated to the public any method, system, and/or product disclosed in the '545 patent but not literally claimed therein and is therefore estopped from claiming infringement by any such public domain method, system, and/or product.

### Ninth Defense to COUNT V ('545 Patent)

### No Exceptional Case

59. Plaintiff cannot prove that this is an exceptional case that would justify an award of attorney fees against Google pursuant to 35 U.S.C. § 285.

### Tenth Defense to COUNT V ('545 Patent)

### Failure to Mitigate Damages

60. Plaintiff's claims are barred, in whole or in part, by its failure to mitigate damages.

### Eleventh Defense to COUNT V ('545 Patent)

### Reservation

61. Google reserves all affirmative defenses available under Rule 8(c) of the Federal Rules of Civil Procedure, and any other defenses, at law or in equity, that may be available now or may become available in the future based on discovery or any other factual investigation in this case, including additional inequitable conduct defenses.

### First Defense to COUNT VI ('551 Patent)

### Failure to State a Claim Upon Which Relief May Be Granted

62. With respect to each purported claim for relief alleged in the Complaint, Plaintiff fails to state a claim against Google upon which relief may be granted.

## Second Defense to COUNT VI ('551 Patent)

### No Patent Infringement

63.     Google does not infringe and has not infringed under any theory of infringement, either literally or under the doctrine of equivalents, and is not liable for infringement of any valid and enforceable claim of the '551 patent.

## Third Defense to COUNT VI ('551 Patent)

### No Patent Infringement Under the Reverse Doctrine of Equivalents

64.     Google does not infringe and has not infringed and is not liable for infringement of any valid and enforceable claim of the '551 patent under the reverse doctrine of equivalents.

## Fourth Defense to COUNT VI ('551 Patent)

### Patent Invalidity

65.     The claims of the '551 patent are invalid for failure to meet the "conditions of patentability" or otherwise to comply with the requirements set forth in U.S. Patent Laws, 35 U.S.C. §§ 100 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112, and/or 135(b) because, *inter alia*, the alleged invention thereof lacks utility; is taught by, suggested by, and/or, obvious in view of, the prior art; is not adequately supported by the written description of the patented invention; is not adequately enabled; is indefinite; and/or is directed to abstract ideas or other non-statutory subject matter.

## Fifth Defense to COUNT VI ('551 Patent)

### Patent Unenforceability

66.     The claims of the '551 patent are unenforceable, in whole or in part, by the doctrines of laches, prosecution laches, waiver, and/or estoppel, including equitable estoppel.

67.     Plaintiff is estopped from asserting any interpretation of the claims of the '551

patent that would be broad enough to cover any of Google's methods alleged to infringe the '551 patent based on statements, representations, and admissions made during prosecution of the patent applications to that led to the '551 patent.

## Sixth Defense to COUNT VI ('551 Patent)

### Limitations on Patent Damages

68.     Plaintiff's claim for damages, if any, against Google for alleged infringement of the '551 patent are limited by 35 U.S.C. §§ 154, 286, and/or 288, and/or 28 U.S.C. § 1498.

## Seventh Defense to COUNT VI ('551 Patent)

### Patent Marking

69.     Any claim for damages for patent infringement is limited by 35 U.S.C. § 287 to those damages occurring only after the notice of infringement.

## Eighth Defense to COUNT VI ('551 Patent)

### Dedication to the Public

70.     Plaintiff has dedicated to the public any method, system, and/or product disclosed in the '551 patent but not literally claimed therein and is therefore estopped from claiming infringement by any such public domain method, system, and/or product.

## Ninth Defense to COUNT VI ('551 Patent)

### No Exceptional Case

71.     Plaintiff cannot prove that this is an exceptional case that would justify an award of attorney fees against Google pursuant to 35 U.S.C. § 285.

## Tenth Defense to COUNT VI ('551 Patent)

### Failure to Mitigate Damages

72.     Plaintiff's claims are barred, in whole or in part, by its failure to mitigate damages.

## Eleventh Defense to COUNT VI ('551 Patent)

### Reservation

73.     Google reserves all affirmative defenses available under Rule 8(c) of the Federal Rules of Civil Procedure, and any other defenses, at law or in equity, that may be available now or may become available in the future based on discovery or any other factual investigation in this case, including additional inequitable conduct defenses.

## EXCEPTIONAL CASE

6.      This is an exceptional case entitling Google to an award of its attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Google prays for judgment as follows:

a.      A judgment dismissing DET's Complaint against Google with prejudice, with DET taking nothing;

b.      An Order barring any claim for damages pursuant to DET's Complaint against Google under the provisions of 35 U.S.C. § 287 and one or more of Google's affirmative defenses;

c.      A judgment that Google has not directly infringed and does not directly infringe any valid claim of the '146 patent, the '895 patent, the '529 patent, the '591 patent,

the '545 patent, or the '551 patent;

d.      A judgment that the '146 patent, the '895 patent, the '529 patent, the '591 patent, the '545 patent, and the '551 patent are invalid;

e.      A judgment enjoining DET, its assigns, and all those in privity therewith from asserting the '146 patent, the '895 patent, the '529 patent, the '591 patent, the '545 patent, and/or the '551 patent against Google or any of its customers, distributors, or suppliers;

f.      A judgment that this case is exceptional and an award to Google of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees, together with interest, including prejudgment interest thereon; and

g.      Such other and further relief as this Court may deem just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

In accordance with Rule 38(b) of the Federal Rules of Civil Procedure, Google hereby demands a jury trial on all issues so triable.

OF COUNSEL:

Jonathan K. Waldrop
Darcy L. Jones
Robert P. Watkins III
Marcus A. Barber
John Downing
Heather S. Kim
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
333 Twin Dolphin Drive, Suite 200
Redwood Shores, California 94065
(650) 453-5170

Jeffrey J. Toney
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1349 West Peachtree Street N.W., Suite 1500
Atlanta, Georgia 30309
(404) 260-6080

Dated:   November 10, 2014

*/s/ Jason J. Rawnsley*
Frederick L. Cottrell, III (#2555)
Jason J. Rawnsley (#5379)
RICHARDS, LAYTON & FINGER, P.A.
920 N. King Street
Wilmington, Delaware 19801
(302) 651-7700
cottrell@rlf.com
rawnsley@rlf.com

*Attorneys for Defendant*
*GOOGLE INC.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 10, 2014, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants, and have sent true and correct copies by electronic mail to the following:

Brian E. Farnan
Michael J. Farnan
FARNAN LLP
919 North Market Street
12th Floor
Wilmington, Delaware 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Amir Alavi
Demetrios Anaipakos
Brian E. Simmons
Alisa A. Lipski
AHMAD, ZAVITSANOS, ANAIPAKOS,
ALAVI & MENSING, P.C.
1221 McKinney Street, Suite 3460
Houston, Texas 77010
(713) 655-1101
aalavi@azalaw.com
danaipakos@azalaw.com
bsimmons@azalaw.com
alipski@azalaw.com

*/s/ Jason J. Rawnsley*
Jason J. Rawnsley (#5379)
rawnsley@rlf.com