

Frederick L. Cottrell III
302-651-7509
Cottrell@rlf.com
December 23, 2015

**VIA ELECTRONIC FILING**
The Honorable Leonard P. Stark
U.S. District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801-3568

      Re:  *Data Engine Technologies LLC v. Google Inc.*, C.A. No. 14-1115-LPS-CJB

Dear Chief Judge Stark:

      Pursuant to the Court's oral order at the claim construction hearing on December 21, 2015, the parties conferred concerning the additional relief that Google seeks as a result of new arguments DET made for the first time at the hearing. The parties were unable to reach an agreement on the proposed relief.

*Google's Position*

      Google proposes that the Court allow Google to submit an additional five-page supplemental letter brief, not including exhibits, by **January 8, 2016** to address the arguments that DET raised for the first time at the hearing. As explained during the hearing, Google would like the opportunity to review the claim construction hearing transcript prior to submitting the supplemental brief to ensure that the issues are narrowed to the new matters raised at the hearing and to prevent disputes as to what was actually argued. While DET has agreed to five pages without exhibits, Google maintains that extrinsic evidence may be necessary to refute the new arguments that DET presented at the hearing including, but not limited to deposition testimony or documents. This is particularly appropriate given that Google may be receiving additional documents from DET. DET has no basis to object to the relief Google seeks, or to now complain that Google supposedly raised new arguments at the hearing. DET raised no such objection at the hearing, and Google has been prejudiced by DET's failure to notify Google of its new arguments.

      Google also reserves the right to obtain new extrinsic evidence, such as deposition testimony or documents, related to DET's new arguments raised at the claim construction hearing. DET's new arguments, include, but are not limited to, DET's position that the '146 patent discloses an embodiment where "scenario 2" is compared against "scenario 3" in Figure 5B. Google requests the additional briefing in addition to the Court's oral order at the claim construction hearing striking DET's argument relating to the IBM deposition testimony which was not identified or produced to Google prior to the hearing. Google further reserves its rights to obtain additional relief, including sanctions, based on DET's new claim construction arguments.

Google also contends that discovery motion practice is necessary because it appears that DET is withholding relevant documents related to the DET v. IBM litigation pending in the Eastern District of Texas (6:13-cv-00859), which involves two of the patents in suit.[1] DET's production of the non-confidential version of the November 24, 2015 IBM transcript shortly after the claim construction hearing confirms that DET not only had the ability to produce the IBM transcript, but DET could have included the argument in its briefing prior to the claim construction hearing. Google, therefore, intends to compel DET to produce all information related to the DET v. IBM litigation under the Protective Order in this case.

*DET's Position*

Both sides presented new arguments, or new variations on arguments at the Markman hearing. Google repeatedly asserted at the hearing that arguments being made by DET were new, or that the constructions advanced were new. In the vast majority of these circumstances DET believes Google was in error, and pointed out a number of these errors at the hearing. The transcript of the Markman hearing was made available to counsel early this morning, and so detailed time for review is not practicable prior to the noon deadline for filing this joint status report. However, to avoid any appearance of prejudice to Google, DET does not oppose an additional five-page supplemental letter brief, with no exhibits, to be filed by Google by January 8, 2016.

In response to Google's other statements above regarding discovery, DET apologizes for the oversight of not producing the non-confidential portions of the deposition of IBM's expert prior to the Markman hearing. The non-confidential sections of that deposition have now been produced and the Court has struck the evidence presented in association with that presentation. As testimony, pleadings and other submissions occur in the related IBM case in Texas, which is in a very active phase of litigation, DET endeavors to make those materials available to Google promptly. Because of the protective order in place in the Texas case, DET cannot simply unilaterally produce all IBM materials in this litigation. Specifically, DET cannot produce confidential materials produced by IBM in that litigation in this litigation, as the protective order states: "Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose." See Data Engine Technologies LLC v. IBM, Case No. 6:13-cv-00859, D.I. 49.

DET requested, no later than November 19, 2015, that IBM agree to allow it to produce IBM materials to Google regardless of their designation. IBM did not respond. DET followed up on December 2, 2015, and still has not heard from IBM on this issue. On December 2, 2015 DET notified Google of this fact via email, providing Google with contact information for IBM's lawyers so that they could pursue the issue themselves. In addition, Google, on November 5, 2015, served a subpoena directly on IBM. DET believes that this dispute over IBM's confidential materials would be most efficiently argued between Google and IBM. To be clear, DET has no objection to the production of every single document produced or created by IBM in the

---

[1] At the hearing, DET argued that it did not produce the deposition transcript at issue because it contained IBM confidential information.

litigation between DET and IBM relating to these patents. However, it cannot make such a production under the terms of the Texas protective order without first obtaining IBM's permission.

DET is opposed to the "other" unarticulated relief suggested by Google, and thinks that in particular, raising the specter of sanctions is uniquely inappropriate in this setting.

        Respectfully,

        */s/ Frederick L. Cottrell, III*

        Frederick L. Cottrell, III (#2555)

FLC,III/afg

cc:    All Counsel of Record (via email)