# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DATA ENGINE TECHNOLOGIES LLC, | § § § | C.A. No. 14-1115-LPS-CJB |
| Plaintiff, | § § § | |
| | § | JURY TRIAL DEMANDED |
| v. | § § | |
| GOOGLE INC., | § § § | |
| Defendant. | § | |

## STIPULATION AND ORDER AMENDING SCHEDULING ORDER

WHEREAS, pursuant to the Court's order during the teleconference held on June 21, 2016, Plaintiff Data Engine Technologies LLC ("DET") and Defendant Google, Inc. ("Google") have agreed to reduce the number of patent claims asserted and the number of prior art references and combinations; and

WHEREAS, in light of the Court's orders granting certain additional discovery, DET and Google have agreed that certain deadlines related to expert reports should be extended;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto and subject to the approval of the Court:

1.   DET will reduce to 15 the number of asserted patent claims for infringement by Friday, July 1, 2016. Plaintiff may select these asserted patent claims from any or all of the remaining asserted patent claims. In other words, DET cannot assert claims that have been dismissed and/or were not previously asserted, but there is no per-patent limit on the number of asserted patent claims or requirement that DET assert patent claims from each asserted patent provided that the total number of asserted patent claims does not exceed a total of 15. .

2. On or before Monday, July 11, 2016, Google shall narrow the number of prior art references to no more than twenty (20) total references and shall identify these references to DET. It is further agreed that anticipatory references shall not independently count as obviousness combinations unless asserted for both purposes and that software manuals and the related software system, [GOOGLE POSITION] and articles related to that system, count as one prior art reference. In addition, on or before Monday, July 11, 2016, Google shall identify to Plaintiff no more than seventy-five (75) prior art combinations that may be used for arguing obviousness. In this context, a "prior art combination" shall be understood to be a combination of two or more prior art references per patent claim. Thus, for example, if two prior art references are combined to argue obviousness for three different patent claims, this would count as three prior art combinations (even though each combination consists of the same two references). In addition, combinations that are listed as "and/or" alternatives (for example, "A and/or B and/or C") shall constitute as many combinations as can be formed based on what is stated. For example, a combination that lists "A and/or B and/or C" shall count as four prior art combinations: "A and B," "A and C," "B and C," and "A, B, and C." There is no per-patent limit on the number of prior art combinations or prior art references.

3. Consistent with the Court's order during the June 21, 2016 teleconference, background references and references used to show motivation to combine shall not count against the 20 total prior art references and/or 75 obviousness combinations described in paragraph 2 (above); however, it will not be permissible for Google to try to rely on any such additional prior art references for finding a limitation in a patent claim of an asserted patent and therefore invalidate the patent. Further, Google must identify which of its references it intends to rely on for background or to show motivation to combine by July 11, 2016.

4.  The deadline for all expert reports will be extended by two weeks, such that the deadline for opening expert reports will be extended from July 8, 2016 until July 22, 2016; the deadline for rebuttal expert reports will be extended from August 8, 2016 until August 22, 2016; and the deadline for reply expert reports will be extended from September 8, 2016 until September 22, 2016.

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (#5165)
FARNAN LLP
919 N. Market Street, 12th Floor
Wilmington, Delaware 19801
(302) 777-0300
(302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Data Engine Technologies LLC*

OF COUNSEL:

Amir Alavi
Demetrios Anaipakos
Alisa A. Lipski
Jamie A. Aycock
Benjamin Foster
Timothy Shelby
Scott W. Clark
Monica Uddin
AHMAD, ZAVITSANOS, ANAIPAKOS,
ALAVI & MENSING, P.C.
1221 McKinney Street, Suite 2500
Houston, Texas 77010
(713) 655-1101
aalavi@azalaw.com
danaipakos@azalaw.com
alipski@azalaw.com
jaycock@azalaw.com

/s/ Jason J. Rawnsley
Frederick L. Cottrell, III (#2555)
Jason J. Rawnsley (#5379)
RICHARDS, LAYTON & FINGER, P.A.
920 N. King Street
Wilmington, Delaware 19801
cottrell@rlf.com
rawnsley@rlf.com

*Attorneys for Google Inc.*

OF COUNSEL:

Jonathan K. Waldrop
Darcy L. Jones
Marcus A. Barber
John Downing
Heather S. Kim
Jeffrey J. Toney
Rodney R. Miller
Kasowitz, Benson, Torres & Friedman LLP
jwaldrop@kasowitz.com
djones@kasowitz.com
mbarber@kasowitz.com
jdowning@kasowitz.com
hkim@kasowitz.com
jtoney@kasowitz.com
rmiller@kasowitz.com

bfoster@azalaw.com
tshelby@azalaw.com
sclark@azalaw.com
muddin@azalaw.com

Dated June 28, 2016

IT IS SO ORDERED this  29th  day of  June , 2016.

_____
THE HONORABLE LEONARD P. STARK,
CHIEF JUDGE
UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE