**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| DATA ENGINEER TECHNOLOGIES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | **C.A. No. 14-1115-LPS-CJB** |
| | ) | |
| v. | ) | |
| | ) | **PUBLIC VERSION** |
| GOOGLE LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT GOOGLE LLC'S OPENING BRIEF IN SUPPORT OF MOTION TO EXCLUDE EXPERT TESTIMONY BY DR. PAUL A. NAVRÁTIL CONCERNING NOVELTY, STATE OF THE ART, AND COMMERCIAL SUCCESS**

OF COUNSEL:
Gregory P. Stone
Eric P. Tuttle
Zachary M. Briers
Ashley D. Kaplan
Hannah Dubina
MUNGER TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071
(213) 683-9100

Peter A. Detre
MUNGER TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, California 94105
(415) 512-4000

Dated: April 10, 2020

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Jason James Rawnsley (#5379)
rawnsley@rlf.com
RICHARDS, LAYTON & FINGER, PA
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
(302) 651-7700

*Attorneys for Defendant*
*GOOGLE LLC*

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ................................................................................................................. 1

II.  LEGAL STANDARD ........................................................................................................... 1

III. ARGUMENT ........................................................................................................................ 2

    A.    Dr. Navrátil Should Be Precluded from Testifying About the Alleged Novelty of the Asserted Patent Claims and the State of the Prior Art. ..................... 2

    B.    Dr. Navrátil Should Be Precluded from Testifying About the Purported Commercial Success of the Claimed Inventions. ................................................... 3

## TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*Leese v. Lockheed Martin Corp.*,
 6 F. Supp. 3d 546 (D.N.J. 2014) ....................................................................................... 3

*In re Paoli R.R. Yard PCB Litig.*,
 35 F.3d 717 (3d Cir. 1994) ................................................................................................ 1

*Reckitt Benckiser Pharm. Inc. v. Watson Labs., Inc.*,
 2015 WL 6456551 (D. Del. Oct. 26, 2015) .................................................................. 1, 2

*Roche Diag. Corp. v. Meso Scale Diag., LLC*,
 2019 WL 5310220 (D. Del. Oct. 21, 2019) ...................................................................... 1

I.      **INTRODUCTION**

Plaintiff's expert, Dr. Navrátil, submitted an expert report analyzing whether Google infringes the asserted patents. Although his report focuses on infringement, it also includes scattershot statements about the asserted patents' advances over the prior art and the commercial success of the claimed inventions. At his deposition, Dr. Navrátil testified he had no basis to offer an independent opinion on these topics. He did not analyze the alleged novelty of the patents, the state of the prior art, or the commercial success of the inventions. With respect to each topic, he referred only to the opinions of Plaintiff's other experts, saying he would "defer" to their opinions, which he had not independently verified. The Court should preclude Dr. Navrátil from offering testimony related to these topics about which he has not formed an expert opinion, and it should strike the paragraphs of Dr. Navrátil's report that relate to these topics.[1]

II.     **LEGAL STANDARD**

To be admissible, the proponent of expert testimony must demonstrate it is "reliable" and "based on the 'methods and procedures of science' rather than on 'subjective belief or unsupported speculation.'" *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 741–43 (3d Cir. 1994). Expert opinion is not admissible if the expert "does not seek to offer his own methodology or independent analysis," but merely "bolster[s] the opinions of another expert." *Roche Diag. Corp. v. Meso Scale Diag., LLC*, 2019 WL 5310220, at *3 (D. Del. Oct. 21, 2019). Indeed, "the general rule of thumb, in this District, at least, is that a party is not allowed to present more than one expert to say the same thing." *Reckitt Benckiser Pharm. Inc. v. Watson Labs., Inc.*, 2015 WL 6456551, at *1 n.1 (D. Del. Oct. 26, 2015).

---

[1] Exhibits referenced herein are attached to the Declaration of Zachary M. Briers, filed concurrently herewith.

## III.   ARGUMENT

### A.   Dr. Navrátil Should Be Precluded from Testifying About the Alleged Novelty of the Asserted Patent Claims and the State of the Prior Art.

At his deposition, Dr. Navrátil conceded he has not formed an opinion about the validity of the asserted patents.  Ex. A at 261:13–14 ("I'm not opining on the validity or invalidity of the patents.").  Nonetheless, certain statements in his report contend that the patents include advances over the prior art.  For example, his report states that the "key innovation" of the patents was the use of "notebook tabs," which "at the time of its invention" was "revolutionary" and "shockingly novel."  Ex. B ¶¶ 42–49, 375–84.  The report also states the asserted patents included "[a]nother key innovation"—"the ability to rename individual pages of a spreadsheet," which was "a fundamental improvement over" the prior art.  *Id.* ¶¶ 50, 390–91.

Dr. Navrátil disavowed these statements at his deposition, testifying he has not formed an opinion about the novelty of the claimed inventions.  *See* Ex. A at 261:20–24 (He will not "offer an opinion" about whether "using a notebook tab interface in a three-dimensional spreadsheet was novel."), 266:14–267:7 (He does not know if "notebook tab interface [was] used in" prior art.), 56:1–6 ("I don't have an opinion" about whether renaming sheets is in prior art).  Dr. Navrátil had not even reviewed the prior art references asserted in this case.  *Id.* at 56:7–18 ("I'm not here to opine more broadly about the state of spreadsheet technology in the early '90s."), 55:13–25 ("I didn't do an exhaustive review . . . of the prior art."); 30:16–25, 258:19–260:3, 261:25–262:25 (He is not familiar with asserted prior art.).  He testified he would defer to Plaintiff's invalidity expert, Dr. Smedley, on issues concerning the prior art.  *Id.* at 55:13–25 ("I would refer to [Dr. Smedley's] findings as to . . . the state of the prior art."), 56:7–18, 260:17–261:8, 265:2–20.

Dr. Navrátil's testimony confirms he has not formed an independent opinion on the state of the prior art or the alleged novelty of the claimed inventions, and he has not conducted any reliable analysis to support the statements in his report concerning these topics.  The Court

2

should preclude Dr. Navrátil from parroting Dr. Smedley's analysis at trial, and should strike the portions of Dr. Navrátil's report that discuss these topics. *See Leese v. Lockheed Martin Corp.*, 6 F. Supp. 3d 546, 553 (D.N.J. 2014) (experts may not "parrot" other experts).

### B.      Dr. Navrátil Should Be Precluded from Testifying About the Purported Commercial Success of the Claimed Inventions.

Dr. Navrátil conceded he has not formed an independent opinion about the claimed invention's commercial success. Ex. A at 270:13–25 ("[T]hat's not . . . an opinion that I've been asked to give."). Nonetheless, statements in his report assert that the "user interface" of the patentee's software application, Quattro Pro, was "commercially popular." *See* Ex. B ¶ 391. The report also contends that a license agreement between the patentee and a third party reflects the commercial success of the asserted patents. *Id.* ¶¶ 368–373.

Dr. Navrátil disavowed these statements at his deposition. He testified he had not analyzed, and would not offer an opinion about, what factors drove the success of Quattro Pro. *See, e.g.*, Ex. A at 270:9–12 (agreeing he would not offer "an opinion about what drove the sales of Quattro Pro"), 269:3–23, 270:5–8 (no analysis or opinion on effect of tab interface on Quattro Pro's sales). He also testified he had not analyzed what factors accounted for the royalty in the third-party license. *Id.* at 274:7–13. In sum, Dr. Navrátil testified he would defer to Plaintiff's damages expert. *Id.* at 270:13–25 ("I would say that Ms. Riley has been retained to opine on [commercial success] matters and that's . . . an opinion that I've been asked to give.").

Dr. Navrátil's testimony confirms he did not independently analyze, and lacks a basis to opine on, the commercial success of the claimed inventions. The Court should exclude any testimony on these topics and strike the relevant portions of Dr. Navrátil's report.[2]

---

[2] It is little surprise that Dr. Navrátil backed away from the statements in his report about novelty and commercial success. He acknowledged "lift[ing]" those portions from another expert's report in a prior case. *See* Ex. A at 40:9–51:9.

| | |
|---|---|
| Dated:  April 10, 2020 | */s/ Jason J. Rawnsley* <br> Frederick L. Cottrell, III (#2555) <br> Jason J. Rawnsley (#5379) <br> RICHARDS, LAYTON & FINGER,P.A. <br> 920 North King Street <br> Wilmington, DE 19801 <br> (302) 651-7700 <br> cottrell@rlf.com <br> rawnsley@rlf.com <br> <br> OF COUNSEL: <br> <br> Gregory P. Stone <br> Eric P. Tuttle <br> Zachary M. Briers <br> Hannah Dubina <br> Ashley D. Kaplan <br> MUNGER, TOLLES & OLSON LLP <br> 350 South Grand Avenue, 50th Floor <br> Los Angeles CA 90071 <br> (213) 683-9100 <br> gregory.stone@mto.com <br> eric.tuttle@mto.com <br> zachary.briers@mto.com <br> hannah.dubina@mto.com <br> ashley.kaplan@mto.com <br> <br> Peter A. Detre <br> MUNGER, TOLLES & OLSON LLP <br> 560 Mission Street, 27th Floor <br> San Francisco, CA 94105 <br> (415) 512-4000 <br> peter.detre@mto.com <br> <br> ***Attorneys for Defendant Google LLC*** |

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 10, 2020, I caused true and correct copies of the foregoing document to be served on the following counsel in the manner indicated:

| | |
|---|---|
| **VIA EMAIL** | **VIA EMAIL** |
| Brian E. Farnan | Amir Alavi |
| Michael J. Farnan | Demetrios Anaipakos |
| FARNAN LLP | Tim Shelby |
| 919 North Market Street | Scott W. Clark |
| 12th Floor | Brian E. Simmons |
| Wilmington, Delaware 19801 | Drew Kim |
| (302) 777-0300 | Michael McBride |
| bfarnan@farnanlaw.com | Monica Uddin |
| mfarnan@farnanlaw.com | Nathan Campbell |
| | Louis Liao |
| | Justin Y. Chen |
| | Masood Anjom |
| | AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING, P.C. |
| | 1221 McKinney Street, Suite 2500 |
| | Houston, Texas 77010 |
| | (713) 655-1101 |
| | aalavi@azalaw.com |
| | danaipakos@azalaw.com |
| | tshelby@azalaw.com |
| | sclark@azalaw.com |
| | bsimmons@azalaw.com |
| | dkim@azalaw.com |
| | mmcbride@azalaw.com |
| | muddin@azalaw.com |
| | ncampbell@azalaw.com |
| | lliao@azalaw.com |
| | jchen@azalaw.com |
| | manjom@azalaw.com |

*/s/ Jason J. Rawnsley*
Jason J. Rawnsley (#5379)
rawnsley@rlf.com